UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DM AIRPORTS, LTD,<br><br>Plaintiff,<br><br>v.<br><br>NAUTILUS INSURANCE COMPANY,<br><br>Defendant. | **NOTICE OF REMOVAL**<br><br>Case No.:<br><br>Removed from the Superior Court of New Jersey, Law Division, Morris County, Case No. MRS-L-001801-26 |

Defendant NAUTILUS INSURANCE COMPANY ("Nautilus"), through its undersigned counsel, pursuant to 28 U.S.C. §§ 1441 and 1446, Rule 81 of the Federal Rules of Civil Procedure, Local Rule 5.1(e), and based upon this Court's diversity jurisdiction under 28 U.S.C. § 1332, removes this action from the Superior Court of the State of New Jersey, Law Division, Morris County, to the United States District Court for the District of New Jersey. The grounds for removal are as follows:

## I. BACKGROUND

1. On July 28, 2026, Plaintiff DM AIRPORTS, LTD. ("DM Airports") filed a complaint in the Superior Court of New Jersey, Law Division, Morris County, Docket No. MRS-L-1801-26. A true and correct copy of the Complaint is attached hereto as **Exhibit A** to the Affidavit of Joseph P. McGrath ("McGrath Aff.").

2. The Complaint alleges that DM Airports is a New Jersey corporation

with a principal place of business in Morris County, New Jersey.

3. The Complaint alleges that Nautilus is an insurance company with a principal place of business in Scottsdale, Arizona, eligible to do business in New Jersey.

4. Nautilus is incorporated in Arizona. McGrath Aff., ¶ 7.

5. Nautilus was served with the Complaint on August 4, 2026. McGrath Aff. ¶ 5.

**A. <u>The Policy</u>**

6. Nautilus issued Site Specific Pollution Liability insurance policy, no. SSP1518370-11, listing "DM AIRPORTS, LTD" as the named insured, effective from November 15, 2013 to November 15, 2016, with liability limits of $2,000,000 Per Pollution Condition Limit and $5,000,000 Coverage Section Limit (the "Policy"). McGrath Aff., ¶ 6. A true and correct copy of the Policy is attached hereto as **Exhibit B** to the McGrath Aff.

7. This is the Policy referenced and relied upon in the Complaint. *See e.g.* Exhibit A, ¶ 4.

8. The Policy indicates that Nautilus is an Arizona company. *See* Exhibit B.

9. The Policy contains an Extended Reporting Period Endorsement which, subject to the terms within, extends the reporting period until November 15, 2029.

Exhibit B.

**B. The Claim**

10. The Complaint generally alleges that perfluorooctanoic acid ("PFOA"), perfluouroocatance sulfonate ("PFOS") and other chemicals in that group that also includes acidic and anionic forms of PFOA, PFOS, perfluorononanoic acid ("PFNA") and their salts and esters (collectively "PFAS") and aqueous film forming foam ("AFFF") were discovered on DM Airports' property, the Morristown Municipal Airport (the "Airport") located at 8 Airport Road, Morristown, New Jersey (the "Property"), during the Extended Reporting Period of the Policy. Exhibit A, ¶¶ 10-16.

11. The Complaint alleges that by letters dated November 8, 2019 and November 13, 2019, DM Airports placed Nautilus on notice of the claims related to discharges of AFFF at the Airport. *Id*. at ¶ 17.

12. The Complaint alleges Nautilus issued a "responsive letter reserving its right to provide coverage, but concluding that it did not appear 'that any pollution condition from PFAS contamination was first discovered by November 15, 2016" or "that any pollution condition from PFAS contamination was first commenced before November 15, 2016." *Id.*, ¶ 18.

13. The Complaint alleges that DM Airports contested this position by letter dated December 23, 2019. *Id.*, ¶ 19.

14. The Complaint alleges that by letter dated February 20, 2020, Nautilus reasserted the same coverage position set forth in the December 6, 2019 letter. *Id.*, ¶ 20.

15. The Complaint alleges that DM Airports supplemented its prior notice of claim by letter dated July 15 2020. *Id.*, ¶ 24.

16. The Complaint alleges that by letter dated July 29, 2020, Nautilus denied coverage. *Id.*, ¶ 25.

17. The Complaint contains Count I Declaratory Judgment, seeking a ruling that there is coverage under the Policy. *See Id.*

18. The Complaint alleges that DM Airports has undertaken the investigation of the property required by the New Jersey Department of Environmental Protection, has incurred cleanup costs, and continues to incur cleanup costs as it continues the remediation of the Property. *Id.*, ¶ 31.

## II. <u>REMOVAL PROCEDURES</u>

19. This removal is timely because it is being made within thirty days of receipt of the Complaint, pursuant to 28 U.S.C. § 1446(b)(1).

20. DM Airports will receive written notice of this filing, pursuant to 28 U.S.C. § 1446(d).

21. A complete copy of this notice of removal (without exhibits) is being filed with the Superior Court of New Jersey, Law Division, Morris County, pursuant

to 28 U.S.C. § 1446(d).

## III. DIVERSITY JURISDICTION & VENUE

22. 28 U.S.C. § 1441(a) provides, in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

23. Under 28 U.S.C. § 1332(a), "district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different states."

24. Under 28 U.S.C. § 1446(c)(2), when removal is based on diversity jurisdiction and the amount in controversy is not facially apparent from the complaint, defendants must plausibly allege that the amount in controversy exceeds $75,000. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); *see Angus v. Shiley, Inc.*, 989 F.2d 142, 145-46 (3d Cir. 1993) (a court can perform its "own independent appraisal of the value of the claim.") (citation omitted).

25. DM Airports seeks coverage under the Policy with liability limits of $2,000,000 Per Pollution Condition Limit and $5,000,000 Coverage Section Limit, for the investigation and cleanup costs already incurred and ongoing remediation costs with respect to the Property. *See* Exhibit B, Site Specific Pollution Liability

Declarations.

26. Based on the foregoing, the Complaint, reasonably read, alleges an amount in controversy in excess of $75,000.

27. DM Airports alleges that it is a New Jersey corporation with a principal place of business in New Jersey. Exhibit A, ¶ 1.

28. The Complaint alleges that Nautilus is an insurance company with a principal place of business in Arizona. *Id.*, ¶ 2.

29. Nautilus is incorporated pursuant to the laws of the State of Arizona and maintains its principal place of business in Arizona. McGrath Aff., ¶ 7. Nautilus is, therefore, a citizen of Arizona for purposes of diversity jurisdiction.

30. Because Nautilus and DM Airports are citizens of different states, there is complete diversity of citizenship.

31. Because based upon the allegations of the Complaint and the Policy, the amount in controversy exceeds $75,000, and there is complete diversity between the parties, this Court has original jurisdiction over this case, pursuant to 28 U.S.C. § 1332.

32. Under 28 U.S.C. § 1441(b)(2), a civil action "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

33. Nautilus is not a citizen of New Jersey for purposes of diversity

jurisdiction.

34. Nautilus seeks to remove this case to the District of New Jersey, the District within which the State Court Action is pending, pursuant to 28 U.S.C. § 1446(a).

35. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## IV. CONCLUSION

36. WHEREFORE, Nautilus respectfully requests the that the above-captioned action be removed to the United States District Court for the District of New Jersey and that this Court assume jurisdiction of this action and enter such other and further orders as may be necessary to accomplish this requested removal.

Dated: September 3, 2026
Madison, NJ

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP**

By: *_/s/ Katherine E. Tammaro_*
Katherine E. Tammaro, Esq.
7 Giralda Farms
Madison, New Jersey 07940
Tel: (973) 735-6147
katherine.tammaro@wilsonelser.com
*Attorneys for Defendant,*
*Nautilus Insurance Company*