# EXHIBIT A

Received
8/4/2026
RGF

Matthew J. Krantz, Esq.
Attorney I.D. No. 029952008
**TYLER AVERSANO & KRANTZ, P.C.**
1 AAA Drive, Suite 204
Robbinsville, New Jersey 08691
(609) 631-0600
mkrantz@taknjlaw.com
Attorneys for Plaintiff, DM AIRPORTS, LTD.

| | |
|---|---|
| DM AIRPORTS, LTD.<br><br>Plaintiff,<br><br>v.<br><br>NAUTILUS INSURANCE COMPANY<br><br>Defendant. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>MORRIS COUNTY<br><br>DOCKET NO.: MRS-L-001801-26<br><br>Civil Action<br><br>**SUMMONS** |

From: The State of New Jersey

To:

Nautilus Insurance Company
c/o Michael Kilgas or his nominee
7233 East Butherus Dr.
Scottsdale, AZ 85260

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiffs demand, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at: http://www.njcourts.gov.

MICHELLE M. SMITH
Clerk of the Superior Court

/s/ ***Michelle M. Smith***

DATED: July 28, 2026

Name of Defendant to be Served: Nautilus Insurance Company
c/o Michael Kilgas or his nominee

Address of Defendant to be Served: 7233 East Butherus Dr.
Scottsdale, AZ 85260

Matthew J. Krantz, Esq.
Attorney I.D. No. 029952008
**TYLER AVERSANO & KRANTZ, P.C.**
1 AAA Drive, Suite 204
Robbinsville, New Jersey 08691
(609) 631-0600
mkrantz@taknjlaw.com
Attorneys for Plaintiff, DM AIRPORTS, LTD.

| | |
|---|---|
| DM AIRPORTS, LTD.,<br><br>Plaintiff,<br><br>v.<br><br>NAUTILUS INSURANCE COMPANY,<br><br>Defendant. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>MORRIS COUNTY<br><br>DOCKET NO.:<br><br><u>Civil Action</u><br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

Plaintiff, DM AIPORTS, LTD. ("Plaintiff"), by way of Complaint against defendant, Nautilus Insurance Company ("Defendant"), states as follows:

## FACTUAL ALLEGATIONS

1. Plaintiff is a New Jersey corporation with a principal place of business located at 8 Airport Road, Morristown, County of Morris, and State of New Jersey 07960.

2. At all times relevant hereto, Defendant was an insurance company with a principal place of business located at 7233 E. Butherus Drive, Scottsdale, Arizona 85260, eligible to do business and/or actually doing business in the State of New Jersey and/or County of Morris.

3. Plaintiff is the operator of the Morristown Municipal Airport (the "Airport") located at 8 Airport Road, Morristown, County of Morris, and State of New Jersey 07960.

4. Plaintiff is a named insured under a site-specific pollution liability insurance policy bearing policy number SSP1518370-11 (the "Policy") issued by Defendant for the policy period from November 15, 2013 to November 16, 2016 ("Policy Period").

5. The Airport is identified as a "covered location" under the Policy.

6. Venue is proper in Morris County pursuant to R. 4:3-2 because the Airport, and the property upon which it is situated, is the subject of this action; is located in Morris County; and the pollution conditions at issue occurred in Morris County.

7. In pertinent part, the Policy provided coverage to Plaintiff that required Defendant:

> **COVERAGE A – FIRST PARTY CLEANUP COSTS**
>
> To pay on behalf of the **insured** for **cleanup costs** in excess of the **self-insured retention** that the **insured** becomes legally obligated to pay as a result of a **pollution condition** on, at, under or migrating from a **covered location(s)**, provided that:
>
> 1. the **pollution condition** is first discovered during the **policy period** and reported to us, in writing, during the **policy period** or **extended reporting period**, if applicable, and
>
> 2. such **pollution condition** first commences on or after the **retroactive date**.
>
> **COVERAGE B – THIRD PARTY CLAIMS FOR CLEANUP COSTS, BODILY INJURY OR PROPERTY DAMAGE LIABILITY**
>
> To pay on behalf of the **insured** for **cleanup costs**, **loss** from **bodily injury** or **property damage,** and associated **defense costs,** in excess of the **self-insured retention** that the **insured** becomes legally obligated to pay as a result of a **claim** made against the **insured** by a third party, to the extent resulting from a **pollution condition** on, at, under or migrating from a **covered location(s)**, provided that:
>
> 1. the **claim** is first made against the **insured** during the **policy period**, and reported to us, in writing, during the **policy period** or, where applicable, **extended reporting period**, and
>
> 2. the **pollution condition** first commences on or after the **retroactive date**.

8. Prior to the expiration of the Policy, Plaintiff elected to purchase an extended reporting period endorsement ("Endorsement"), which, upon its effective date of November 15, 2016, provided as follows:

> In consideration of the payment of premium of $455,510 by the **Named Insured**, we agree, subject to all the terms, exclusions and conditions of the policy, that the Optional **Extended Reporting Period**, identified in **Section VII.3.** of the **SITE SPECIFIC POLLUTION LIABILITY COVERAGE FORM** is hereby activated and in effect.

1. This optional **extended reporting period** does not extend the **policy period** or change the scope of coverage provided;

2. This optional **extended reporting period** commences on 11/15/2016 and is in effect until 11/15/2019 at 12:01 Standard Time at your mailing address shown on the Declarations;

3. This optional **extended reporting period** does not reinstate or increase the Limits of Insurance;

4. This optional **extended reporting period** is fully earned and may not be cancelled provided that all other terms and conditions of the policy continue to be met; and

5. This optional **extended reporting period** applies only to a **claim** first made against the **insured** and reported to the Company within the optional **extended reporting period**, and will be deemed to have been made and reported on the last day of the **policy period**, provided that the **claim** arises from a **pollution condition** that commenced before the end of the **policy period** and is otherwise coved by this policy.

For the purposes of this endorsement, it is agreed and understood that the Optional **Extended Reporting Period** applies to the **covered location(s)** and/or **covered storage tank(s)** scheduled below:

| **Covered Location(s) and/or Covered Storage Tank(s) Description** | **Retroactive Date** |
|---|---|
| Morristown Municipal Airport<br>Morristown, NJ 07960 | Coverage C - Retroactive Date: 11/15/2013<br>Retroactive Date for all other coverages: None |

9. The Endorsement extended the time for which Plaintiff could file a claim under the Policy until November 15, 2019.

10. On March 13, 2019, the New Jersey Department of Environmental Protection ("NJDEP") notified the public that all persons responsible for conducting the remediation of a site must evaluate whether there is the potential that PFAS[1] may have been manufactured, used, handled, stored, disposed or discharged at the site or area of concern.

[1] The term PFAS as used herein, refers to per- and polyfluoroalkyl substances and perfluorinated chemicals as those terms are and have been used by DEP and the United States Environmental Protection Agency ("EPA") to collectively describe perfluorooctanoic acid ('PFOA"), perfluorooctance sulfonate ("PFOS") and the other chemicals in that group and also includes the acidic and anionic forms of PFOA, PFOS, perfluorononanoic acid ("PFNA") and their salts and esters.

11. NJDEP subsequently issued guidance entitled, "NJDEP Site Remediation and Waste Management Program Implementation of March 13, 2019, Interim Specific Groundwater Quality Standards (vers. May 23, 2019)," (the "Guidance") which directed persons responsible for conducting the remediation of a site to conduct a site investigation for groundwater if the initial evaluation indicated that PFAS were contaminants of concern.

12. The Guidance further instructed that a remedial investigation, and, if necessary, a remedial action, is required if PFAS were detected in groundwater at concentrations exceeding their respective interim specific groundwater quality standard.

13. Under such circumstances, the Guidance directed persons responsible for conducting the remediation of a site to report the exceedance as a discharge to the NJDEP hotline.

14. Aqueous film forming foam ("AFFF") is a firefighting foam that is recognized by NJDEP as a significant potential source of PFAS.

15. In response to the NJDEP directive, Plaintiff, as a person responsible for conducting the remediation of the Airport, undertook an evaluation of the use of AFFF at the Airport, and compiled information regarding historic discharges of AFFF at the Airport.

16. During the evaluation directed by NJDEP, Plaintiff identified numerous discharges of AFFF at the Airport that occurred during or prior to the Policy Period.

17. By letters dated November 8, 2019, and November 13, 2019, Plaintiff placed Defendant on notice of claims related to discharges of AFFF at the Airport during or prior to the Policy Period. The November 8, 2019 letter was accompanied by a list setting forth the date, location and description of AFFF discharges at the Airport.

18. On December 6, 2019, Defendant issued a responsive letter reserving its right to provide coverage, but concluding that it did not appear "that any pollution condition from PFAS

contamination were first discovered by November 15, 2016," or "that any pollution condition from PFAS contamination first commenced before November 15, 2016."

19. By letter dated December 23, 2019, Plaintiff responded to Defendant's reservation of rights letter, and contested Defendant's conclusions that pollution conditions from PFAS contamination were not first discovered, and did not first commence, on or before November 15, 2016.

20. By letter dated February 20, 2020, Defendant advised Plaintiff that its position on coverage had not changed, and that it reasserted its coverage position for the same reasons set forth in its December 6, 2019 coverage correspondence.

21. Contemporaneously to the above-described events, a former tenant of Hangar 20 at the Airport, initiated an environmental investigation in connection with the assignment of its lease of Hangar 20 to a different entity.

22. Based on the former tenant's initial investigation, a Phase II environmental assessment was conducted on behalf of the incoming tenant and a July 17, 2020 Phase II report produced by Environmental Alliance ("EA Phase II") identified discharges of AFFF during or prior to the Policy Period and confirmed the presence of PFAS in groundwater as well as constituents in the construction fill in exceedance of NJDEP standards.

23. Plaintiff, as a person responsible for conducting the remediation of the Airport, has been conducting the environmental investigation in compliance with remediation timeframes established by the NJDEP.

24. By letter dated July 15, 2020, Plaintiff supplemented its prior notice of claim to include notice of the confirmed discharge of PFAS at Hangar 20 and demanded that Defendant

indemnify Plaintiff against any cleanup costs incurred by Plaintiff in excess of the self-insured retention.

25. By letter dated July 29, 2020, Defendant denied coverage under both Coverage A and Coverage B of the Policy.

## COUNT I

## DECLARATORY JUDGMENT

26. Plaintiff repeats the facts and allegations set forth above (Paragraphs 1–25) and makes them a part hereof as though set forth in full.

27. Plaintiff is a named insured under the Policy issued by Defendant, which provides coverage for first party cleanup costs and third-party claims for cleanup costs, bodily injury or property damage liability.

28. Plaintiff was directed by NJDEP to evaluate whether PFAS was a contaminant of concern at the Airport, and if PFAS was confirmed to be a contaminant of concern, to conduct and complete a remedial investigation/action if PFAS was detected in groundwater in concentrations exceeding applicable standards.

29. Plaintiff conducted the required evaluation and determined that AFFF, which was recognized as a source of PFAS, had been discharged numerous times at the Airport during or prior to the Policy Period.

30. Moreover, the investigations at Hangar 20 by a prior tenant and a prospective tenant identified discharges of AFFF at Hangar 20 during or prior to the Policy Period and confirmed the existence of PFAS in the groundwater in concentrations exceeding applicable standards.

31. Plaintiff has undertaken the required investigation, incurred cleanup costs, and continues to incur cleanup costs as it continues the remediation.

32. Plaintiff placed Defendant on notice of the claim within the extended reporting period under the Policy and Endorsement and demanded that Defendant provide indemnity against cleanup costs incurred and/or to be incurred by Plaintiff.

33. Defendant refused to acknowledge Plaintiff's right to indemnity under the Policy and denied Plaintiff's claim.

34. The parties are "persons" as such term is defined under the Declaratory Judgment Act, N.J.S.A. 2A:16-50, et seq., and there exists a justiciable controversy between the parties regarding their rights and obligations under the Policy. Plaintiff definitively asserts its rights to coverage under the Policy for cleanup costs associated with AFFF discharges that occurring during or prior to the Policy period. Defendant has denied coverage, asserting that pollution conditions were never discovered nor commenced before November 15, 2016. The parties' adverse positions create concrete contested issues affective of their respective rights and obligations under an insurance contract, making the controversy ripe for judicial determination and not dependent on future or contingent events.

35. Plaintiff, therefore, seeks a declaration with respect to the rights and obligations of the parties under the Policy and a declaration that Defendant is required to indemnify Plaintiff for cleanup costs incurred in connection with the remediation of Hangar 20 and in response to NJDEP's directives to persons responsible for conducting the remediation of a site concerning PFAS for discharges that occurred during or prior to the Policy Period.

**WHEREFORE,** Plaintiff demands judgment against Defendants:

a. Declaring that Defendant is obligated to provide coverage to Plaintiff under the Policy, and to indemnify Plaintiff against cleanup costs incurred by Plaintiff in connection with the remediation of Hangar 20, and in response to NJDEP's directives to persons

responsible for conducting the remediation concerning PFAS for discharges that occurred during or prior to the Policy Period;

b. Permitting Plaintiff to seek further relief based on the Declaratory Judgment, if necessary, pursuant to N.J.S.A. 2A:16-60;

c. For attorneys' fees and costs of suit; and

d. For such other relief as the Court deems equitable and just.

TYLER AVERSANO & KRANTZ, P.C.
A Professional Corporation

BY: ______________________
Matthew J. Krantz, Esq.

Dated: July 27, 2026

**CERTIFICATION PURSUANT TO R. 4:5-1**

The undersigned hereby certifies that this matter is not the subject of any other action pending in any court or arbitration proceeding, and no other action or arbitration proceeding is contemplated. The undersigned hereby certifies that he knows of no other parties who should be joined in the action at this time.

TYLER AVERSANO & KRANTZ, P.C.
A Professional Corporation

BY: ______________________
Matthew J. Krantz, Esq.

Dated: July 22, 2026

## CERTIFICATION PURSUANT TO R. 1:38-7

I certify that confidential personal identifiers have been redacted from documents submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

TYLER AVERSANO & KRANTZ, P.C.
A Professional Corporation

BY: ______________________
Matthew J. Krantz, Esq.

Dated: July 27, 2026

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, Matthew J. Krantz, Esq. is hereby designed as trial counsel.

TYLER AVERSANO & KRANTZ, P.C.
A Professional Corporation

BY: ______________________
Matthew J. Krantz, Esq.

Dated: July 27, 2026

# Civil Case Information Statement

**Case Details: MORRIS | Civil Part Docket# L-001801-26**

**Case Caption:** DM AIRPORTS, LTD. VS NAUTILUS INSURANCE C OMPAN
**Case Initiation Date:** 07/27/2026
**Attorney Name:** MATTHEW J KRANTZ
**Firm Name:** TYLER AVERSANO & KRANTZ, P.C.
**Address:** 1 AAA DR STE 204
ROBBINSVILLE NJ 08691
**Phone:** 6096310600
**Name of Party:** PLAINTIFF : DM Airports, LTD.
**Name of Defendant's Primary Insurance Company**
(if known): Unknown

**Case Type:** OTHER INSURANCE CLAIM (INCLUDING DECLARATORY JUDGMENT ACTIONS)
**Document Type:** Complaint
**Jury Demand:** NONE
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO
**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: DM Airports, LTD.?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Other(explain) Insured and Insurer

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO **Title 59?** NO **Consumer Fraud?** NO **Medical Debt Claim?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

07/27/2026
Dated

/s/ MATTHEW J KRANTZ
Signed